UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS RICHEY, ) | |
| ) | CASE NO.  C12-0660-JLR-MAT |
| Plaintiff, ) | |
| v. ) | ORDER GRANTING DEFENDANTS' |
| ) | MOTION FOR EXTENSION OF TIME |
| LISA SYKES, *et al*., ) | AND RE-NOTING PLAINTIFF'S |
| ) | SUMMARY JUDGMENT MOTION |
| Defendants. ) | |
| ) | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter comes before the Court at the present time on defendants' motion for an extension of time to file a response to plaintiff's motion for summary judgment.  The Court, having reviewed defendants' motion, plaintiff's response thereto, and the balance of the record, does hereby ORDER as follows:

(1) Defendants' motion for an extension of time to file a response to plaintiff's motion for summary judgment (Dkt. No. 15) is GRANTED.  Defendants' response, which was incorporated into defendants' cross-motion for summary judgment, was received by the Court on September 4, 2012 and has been accepted for filing.

(2) Plaintiff's motion for summary judgment (Dkt. No. 13) is RE-NOTED for

ORDER GRANTING DEFENDANTS'
MOTION FOR EXTENSION OF TIME
PAGE - 1

consideration on *September 28, 2012* so that it may be considered at the same time as defendants' cross-motion for summary judgment.

(3) Plaintiff is advised that his response to defendants' cross-motion for summary judgment must be filed and served not later than *September 24, 2012*.  In accordance with *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), plaintiff is further advised as follows:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.   If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable James L. Robart.

DATED this 11th day of September, 2012.

Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR EXTENSION OF TIME
PAGE - 2